1 | John T. Brooks, State Bar No. 167793
Lisa K. Widdecke, State Bar No. 213250

**FILED**

2 | LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600

2008 AUG 22 PM 2: 12

3 | San Diego, California 92101-3372
Telephone No.: 619.236.1414

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

4 | Fax No.: 619.232.8311
E-Mail:  jtbrooks@luce.com

BY ___KNH___ DEPUTY

5 | lwiddecke@luce.com

6 | Attorneys for Defendant Motherhood Maternity

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | **'08 CV 1558 BEN BLM**

11 | BARBARA HUMPHREY,

Case No. _____

12 | Plaintiff,

13 | v.

**DEFENDANT MOTHERHOOD MATERNITY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1331 (FEDERAL QUESTION)**

14 | PCCP OF SB LAS AMERICAS OWNER LLC; JOCKEY

15 | INTERNATIONAL GLOBAL INC; NEIMAN MARCUS LAST CALL;

16 | RITMO LATINO INC; MAIDENFORM INC; LCI

Complaint Filed:  June 23, 2008
Trial Date:  None Set

17 | HOLDINGS INC DBA LIZ CLAIBORNE OUTLET #324;

18 | SUNGLASS HUT TRADING CORP DBA SUNGLASS OUTLET #4779;

19 | MOTHERHOOD MATERNITY; STRIDE RITE CHILDRENS GROUP

20 | DBA STRIDE RITE OUTLET #6050; BROOKS BROTHERS; SANRIO

21 | SURPRISES; GUESS INC; J CREW FACTORY STORE; PERFUME

22 | OUTLET; PUMA OUTLET STORE; CONVERSE OUTLET STORE;

23 | SUNGLASS HUT INTL; PVH CORP DBA CALVIN KLEIN #062;

24 | KENNETH COLE CATALOG INC DBA KENNETH COLE OUTLET

25 | STORE; And DOES 1 THROUGH 10, Inclusive,

26 | Defendants.

27

28 | / / /

1

**ORIGINAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Motherhood Maternity ("Removing Defendant"), by and through its counsel, and pursuant to 28 U.S.C. section 1441(a), hereby removes to this Court the state court action described below. In support of this removal, Defendant states as follows:

1.    On June 23, 2008, plaintiff Barbara Humphrey ("Plaintiff") filed this action in the Superior Court of California, San Diego County, entitled BARBARA HUMPHREY vs. PCCP of SB Las Americas Owner, LLC, *et al.,* Case No. 37-2008-0007129-CU-CR-SC. The first date upon which Removing Defendant received a copy of said Complaint was June 8, 2008, when defendant Motherhood Maternity was served with a copy of the Complaint and Summons.

2.    The Complaint alleges that Defendant discriminatorily denied Plaintiff access to the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations at Defendant's place of business located at 4201 Camino de la Puz, California, in violation of federal and state law.

3.    The Complaint alleges claims against Defendant for violations of federal laws, including the Americans with Disabilities Act ("ADA"). The Complaint also alleges violations of the following state laws: the Unruh Civil Rights Act and California Accessibility laws. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

4.    Defendant filed their Answer to the Complaint on August 22, 2008. A true and correct copy of that answer is attached hereto as Exhibit "B."

/ / /
/ / /
/ / /
/ / /

Case No. _____
NOTICE OF REMOVAL OF ACTION

5.  This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367.  Removal of the action to this Court is proper pursuant to 28 U.S.C. §1441(b).

6.  Pursuant to 28 U.S.C. §1446(a), Removing Defendant has attached a true and correct copy of all of the process, pleadings and orders from the state court action. This Notice of Removal is filed within thirty days after Defendant Motherhood Maternity received a copy of the Complaint, in compliance with 28 U.S.C. §1446(b).

### FEDERAL QUESTION JURISDICTION

7.  The Complaint attempts to state a count against Removing Defendant under the ADA. (See Complaint, ¶¶ 19-29.)  Federal courts have original jurisdiction over ADA claims under 28 U.S.C. §1331, and therefore the entire case is removable under 28 U.S.C. §1441. See Jones v. Illinois Central Railroad Co., 859 F.Supp. 1144, 1145 (N.D.Ill. 1994) ("the existence of concurrent jurisdiction [over ADA claims] does not alter the fact that ADA actions are federal question cases.").

8.  The Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. §1367.

9.  Removing Defendant is filing, on the date of this Notice, a Notice of Removal of Civil Action to Federal Court, with the San Diego Superior Court in Case No. 37-2008-00071279-CU-CR-SC.  A true and correct copy of the Notice of Removal of Civil Action to Federal Court is attached hereto as Exhibit "C."

10.  A true and correct copy of the Notice to Plaintiff of Removal of Action To Federal Court served on the Plaintiff in the state court action is attached hereto as Exhibit "D."

/ / /
/ / /
/ / /
/ / /

1        WHEREFORE, Removing Defendant requests that the state court action now

2 pending against it in the Superior Court of the State of California for the County of

3 San Diego be removed therefrom to this United States District Court for the Southern

4 District of California.

5 DATED: August 22, 2008        Respectfully submitted,

6        LUCE, FORWARD, HAMILTON & SCRIPPS LLP

7

8        By: _____

9        John T. Brooks
       Lisa K. Widdecke
       Attorneys for Defendant Motherhood Maternity

10

11 101113774.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. _____
NOTICE OF REMOVAL OF ACTION

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SAN DIEGO SUPERIOR COURT

JUN 2 7 2008

CLERK OF THE SUPERIOR COURT

BY _____
A. Naranjo

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PCCP OF SB LAS AMERICAS OWNER LLC; JOCKEY INTERNATIONAL GLOBAL INC; NEIMAN MARCUS LAST CALL; RITMO LATINO INC; MAIDENFORM INC; LCI HOLDINGS INC DBA LIZ CLAIBORNE OUTLET #334; SUNGLASS HUT TRADING CORP DBA SUNGLASS OUTLET #4779; MOTHERHOOD MATERNITY; STRIDE RITE CHILDRENS GROUP INC DBA STRIDE RITE OUTLET #6050; BROOKS BROTHERS; SANRIO SURPRISES; GUESS INC; J CREW FACTORY STORE; PERFUME OUTLET; PUMA OUTLET STORE; CONVERSE OUTLET STORE; SUNGLASS HUT INTL; PVH CORP DBA CALVIN KLEIN #062; KENNETH COLE CATALOG INC DBA KENNETH COLE OUTLET STORE; and DOES 1 THROUGH 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

BARBARA HUMPHREY

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: San Diego Superior Court *(El nombre y dirección de la corte es:)* | CASE NUMBER 37-2008-00071279-CU-CR-SC |
|---|---|

South County Regional Center
500 3rd Avenue, Chula Vista, California 91910

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
Theodore A. Pinnock, Esq.  Bar #: 153434; David C. Wakefield, Esq.  Bar #: 185736; Michelle Wakefield, Esq.  Bar #: 200424
3033 Fifth Avenue, Suite 410 San Diego, CA 92103

| DATE: JUN 2 7 2008 *(Fecha)* | Clerk, by A. Naranjo *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Motherhood Maternity

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☒ by personal delivery on (date): 8/8/08

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

www.LexisNexis.com
Law Publisher's

Code of Civil Procedure
§§ 412.20, 465

Page 1 of 1

**SUMMON**

**PINNOCK & WAKEFIELD**
A Professional Corporation
Theodore A. Pinnock, Esq.        Bar #: 153434
David C. Wakefield, Esq.         Bar #: 185736
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
Telephone:  619.858.3671
Facsimile:  619.858.3646

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| BARBARA HUMPHREY, <br><br> Plaintiff, <br><br> v. <br><br> PCCP OF SB LAS AMERICAS OWNER LLC; JOCKEY INTERNATIONAL GLOBAL INC; NEIMAN MARCUS LAST CALL; RITMO LATINO INC; MAIDENFORM INC; LCI HOLDINGS INC DBA LIZ CLAIBORNE OUTLET #324; SUNGLASS HUT TRADING CORP DBA SUNGLASS OUTLET #4779; MOTHERHOOD MATERNITY; STRIDE RITE CHILDRENS GROUP INC DBA STRIDE RITE OUTLET #6050; BROOKS BROTHERS; SANRIO SURPRISES; GUESS INC; J CREW FACTORY STORE; PERFUME OUTLET; PUMA OUTLET STORE; CONVERSE OUTLET STORE; SUNGLASS HUT INTL; PVH CORP DBA CALVIN KLEIN #062; KENNETH COLE CATALOG INC DBA KENNETH COLE OUTLET STORE; And DOES 1 THROUGH 10, Inclusive | Case No.    37-2008-00071279-CU-CR-SC <br><br> **CIVIL COMPLAINT: DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS** [42 U.S.C. 12182(a) ET. SEQ; CIVIL CODE 51, 52, 54, 54.1, 54.3] <br><br> **UNLIMITED CIVIL CASE – PERMANENT INJUNCTIVE RELIEF** |

1

COMPLAINT

Defendants.

## NAMED DEFENDANTS AND NAMED PLAINTIFF

1.    Plaintiff is informed, believes and thereon alleges that Defendants are, and, at all times

mentioned herein, were, a business or corporation or franchise organized and existing and/or

doing business under the laws of the State of California.    Plaintiff is informed and believes and

thereon alleges that Defendants PCCP OF SB LAS AMERICAS OWNER LLC; JOCKEY

INTERNATIONAL GLOBAL INC; NEIMAN MARCUS LAST CALL; RITMO LATINO INC;

MAIDENFORM INC; LCI HOLDINGS INC DBA LIZ CLAIBORNE OUTLET #324;

SUNGLASS HUT TRADING CORP DBA SUNGLASS OUTLET #4779; MOTHERHOOD

MATERNITY; STRIDE RITE CHILDRENS GROUP INC DBA STRIDE RITE OUTLET

#6050; BROOKS BROTHERS; SANRIO SURPRISES; GUESS INC; J CREW FACTORY

STORE; PERFUME OUTLET; PUMA OUTLET STORE; CONVERSE OUTLET STORE;

SUNGLASS HUT INTL; PVH CORP DBA CALVIN KLEIN #062; KENNETH COLE

CATALOG INC DBA KENNETH COLE OUTLET STORE are the owner, operator, and/or

lessor/lessee of the real property and the public accommodation located thereon at the Property

Address: 4061 CAMINO DE LA PLZ, SAN DIEGO, CA 92173-5929; Assessor's Parcel

Number: 666-401-14-00.  Defendant PCCP OF SB LAS AMERICAS OWNER LLC c/o

Registered Agent: NATIONAL REGISTERED AGENTS, INC. (C1941323), located at

222 N SEPULVEDA BLVD STE 2222, EL SEGUNDO, CA 90245-5614 or

725 CONSHOHOCKEN STATE RD, BALA CYNWYD, PA 19004-2102.  Defendant JOCKEY

INTERNATIONAL GLOBAL INC is located at 4061 CAMINO DE LA PLZ # 476, SAN

DIEGO, CA 92173-5929 or 2300 60TH ST, KENOSHA, WI 53140-3822.  Defenant NEIMAN

MARCUS LAST CALL is located at 4061 CAMINO DE LA PLZ STE 490, SAN

DIEGO, CA 92173-5929 or C/O GEORGE A RAWLINGS, located at 1201 ELM ST,

DALLAS, TX 75270-2002.  Defendant RITMO LATINO INC is located at 4201 CAMINO DE

LA PLZ STE 124, SAN DIEGO, CA 92173-3048 or c/o Registered Agent: CHAVARRIA,

MIREYA, located at 7278 OAK TREE PL, FONTANA, CA 92336-5734 or 46 PARK RD, TINTON FALLS, NJ 07724-9715.  Defendant MAIDENFORM INC is located at 4201 CAMINO DE LA PLZ # 136, SAN DIEGO, CA 92173-3046 or c/o Registered Agent: CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERV, located at 2730 GATEWAY OAKS DR STE 100, SACRAMENTO, CA 95833-3503 or 154 AVENUE E, BAYONNE, NJ 07002-4435.  Defendant LCI HOLDINGS INC DBA LIZ CLAIBORNE OUTLET #324 is located at 4201 CAMINO DE LA PLZ # 138, SAN DIEGO, CA 92173-3046 or c/o Registered Agent: C T CORPORATION SYSTEM, located at 818 W 7TH ST, LOS ANGELES, CA 90017-3407.  Defendant SUNGLASS HUT TRADING CORP DBA SUNGLASS OUTLET #4779 is located at 4201 CAMINO DE LA PLZ # 122, SAN DIEGO, CA 92173-3046 or 4000 LUXOTTICA PL, MASON, OH 45040-8114 or c/o Registered Agent: C T CORPORATION SYSTEM, 818 W 7TH ST, LOS ANGELES, CA 90017-3407.  Defendant MOTHERHOOD MATERNITY is located at 4201 Camino De la Plz, San Ysidro, CA 92173-3046.  Defendant STRIDE RITE CHILDRENS GROUP INC DBA STRIDE RITE OUTLET #6050 is located at 4201 CAMINO DE LA PLZ STE 118, SAN DIEGO, CA 92173-3047 or c/o Registered Agent: C T CORPORATION SYSTEM, located at 818 W 7TH ST, LOS ANGELES, CA 90017-3407 or 191 SPRING ST, LEXINGTON, MA 02421-8045.  Defendant BROOKS BROTHERS is located at 4265 Camino De La Plaza, San Ysidro, CA 92173.  Defendant SANRIO SURPRISES is located at 4265 Camino De La Plaza 198, San Ysidro, CA 92173.  Defendant GUESS INC is located at 4265 Camino De La Plaza 228, San Ysidro, CA 92173.  Defendant J CREW FACTORY STORE is located at 4155 Camino De La Plaza 436, San Ysidro, CA 92173.  Defendant PERFUME OUTLET is located at 4265 Camino De La Plaza 182, San Ysidro, CA 92173.  Defendant PUMA OUTLET STORE is located at 4155 Camino De La Plaza 451, San Ysidro, CA 92173. Defendant CONVERSE OUTLET STORE is located at 4211 Camino De La Plaza 176, San Ysidro, CA 92173.  Defendant SUNGLASS HUT INTL is located at 4345 Camino De La Plaza 439, San Ysidro, CA 92173.  Defendant PVH CORP DBA CALVIN KLEIN #062 is located at

4125 CAMINO DE LA PLZ # 416, SAN DIEGO, CA 92173-3070.  Defendant KENNETH COLE CATALOG INC DBA KENNETH COLE OUTLET STORE is located at 4125 CAMINO DE LA PLZ STE 418, SAN DIEGO, CA 92173-3068 or c/o Registered Agent: C T CORPORATION SYSTEM, located at 818 W 7TH ST, LOS ANGELES, CA 90017-3407 .

2.      The words Plaintiff and Plaintiffs as used herein specifically include BARBARA HUMPHREY.

3.      Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of Defendants PCCP OF SB LAS AMERICAS OWNER LLC; JOCKEY INTERNATIONAL GLOBAL INC; NEIMAN MARCUS LAST CALL; RITMO LATINO INC; MAIDENFORM INC; LCI HOLDINGS INC DBA LIZ CLAIBORNE OUTLET #324; SUNGLASS HUT TRADING CORP DBA SUNGLASS OUTLET #4779; MOTHERHOOD MATERNITY; STRIDE RITE CHILDRENS GROUP INC DBA STRIDE RITE OUTLET #6050; BROOKS BROTHERS; SANRIO SURPRISES; GUESS INC; J CREW FACTORY STORE; PERFUME OUTLET; PUMA OUTLET STORE; CONVERSE OUTLET STORE; SUNGLASS HUT INTL; PVH CORP DBA CALVIN KLEIN #062; KENNETH COLE CATALOG INC DBA KENNETH COLE OUTLET STORE.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship.  Plaintiff is further informed and believe, and thereon allege, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## CONCISE SET OF FACTS

5.      Plaintiff BARBARA HUMPHREY  (hereinafter "Plaintiff") has physical impairments and

4                                              COMPLAINT

due to these impairments she has learned to successfully operate a wheelchair for mobility.
Plaintiff said physical impairments substantially limit one or more of the following major life
activities including but not limited to:  walking.

6.     Plaintiff has physical impairments because their conditions affect one or more of the
following body systems:  neurological, musculoskeletal, special sense organs, and/or
cardiovascular.  Further, Plaintiff said physical impairments substantially limits one or more of
the following major life activities.  In addition, Plaintiff cannot perform one or more of the said
major life activities in the manner, speed, and duration when compared to the average person.
Moreover, Plaintiff has a history of or has been classified as having a physical impairment as
required by 42 U.S.C. § 12102(2)(A).

7.     On November 3, 2007, Plaintiff BARBARA HUMPHREY went to Defendants' public
accommodation facilities located at Property Address: 4061 CAMINO DE LA PLZ, SAN
DIEGO, CA 92173-5929; Assessor's Parcel Number: 666-401-14-00 to utilize their goods and/or
services.  When Plaintiff BARBARA HUMPHREY patronized Defendants' public
accommodation facilities, she was unable to use and/or had difficulty using the public
accommodations' facilities including but not limited to the barriers to access listed herein and
said facilities were not accessible because they failed to comply with ADA Access Guidelines For
Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36,
App. A) and/or California's Title 24 Building Code Requirements. Defendants failed to remove
barriers to equal access within their public accommodation facilities as required.

8.     Plaintiff BARBARA HUMPHREY personally experienced difficulty with said access
barriers as listed herein to the present Complaint at Defendants' public accommodation facilities
located on the Property and/or has knowledge of said access barriers and is presently deterred
from accessing the public accommodation.   Plaintiff alleges that these known barriers to access
are not an exhaustive list of the barriers to access that exist at Defendants' facilities.

9.     Defendants failed to provide auxiliary aids and services that are necessary to ensure equal
access to the goods, services, privileges, or accommodations that it offers.  Title 28, part 36.303

of Code of Federal Regulations states:

(a) General.   A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense.

(b) Examples.   The term "auxiliary aids and services" includes:

(1) Qualified interpreters, notetakers, computer-aided transcription services, written materials, telephone handset amplifiers, assistive listening devices, assistive listening systems, telephones compatible with hearing aids, closed caption decoders, open and closed captioning, telecommunications devices for deaf persons (TDD's), videotext displays, or other effective methods of making aurally delivered materials available to individuals with hearing impairments;

(2) Qualified readers, taped texts, audio recordings, Brailled materials, large print materials, or other effective methods of making visually delivered materials available to individuals with visual impairments;

(3) Acquisition or modification of equipment or devices; and

(4) Other similar services and actions.

(c) Effective communication.   A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities.

10.    Plaintiff can prove these barriers as Plaintiff conducted a preliminary survey of Defendants' facility.  Plaintiff specifically alleges that Defendants knew, to a substantial certainty, that the architectural barriers precluded equal access.  First, Plaintiff will prove that Defendants had actual knowledge that the architectural barriers precluded equal access and that the noncompliance with ADAAG as to accessible entrances was intentional.  Second, due to the

6                                                    COMPLAINT

abundance of ADA information and constant news covers of ADA lawsuits, Defendants had actual knowledge of the ADA and decided deliberately not to remove architectural barriers. Third, Defendants have no plans to remodel. Fourth, Defendants had actual knowledge of ADA given all the ADA public awareness campaigns, the abundance of free ADA information and the media's constant ADA coverage. Fifth, a human being acting for the defendants made a conscious decision as to how to proceed given the presence of the architectural barriers. Plaintiff alleges any alternative methods preclude integration of disabled patrons, as it requires them to use second-class facilities. Also, expert testimony will show the facility contained inaccessible features. Plaintiff alleges businesses often state that they have few customers with disabilities. Plaintiff alleges such customers avoid patronizing inaccessible businesses and are deterred from patronizing such businesses.

11.     The Plaintiff went to Las Americas Premium Outlets. Jockey at 4061 CAMINO DE LA PLZ # 476 has no International Symbol of Accessibility signage at the entrance, the counter exceeds 36 inches and there are loose mats. The Neiman Marcus at 4061 CAMINO DE LA PLZ STE 490 has no International Symbol of Accessibility signage at the entrance. The Ritmo Latino at 4201 CAMINO DE LA PLZ STE 124 has no International Symbol of Accessibility signage at the entrance, and the counter exceeds 36 inches. The Maidenform at 4201 CAMINO DE LA PLZ # 136 has no International Symbol of Accessibility signage at the entrance, the counter exceeds 36 inches and there are loose mats. The Liz Claiborne Outlet at 4201 CAMINO DE LA PLZ # 138 has no International Symbol of Accessibility signage at the entrance, and there are loose mats. The Sunglass Outlet at 4201 CAMINO DE LA PLZ # 122 has a counter exceeds 36 inches. The Motherhood Maternity's counter exceeds 36 inches and there are loose mats. The Stride Rite Outlet's counter exceeds 36 inches. The Brooks Brothers' counter exceeds 36 inches. The Sanrio's counter exceeds 36 inches and there are loose mats. The Guess Inc has no International Symbol of Accessibility signage at the entrance, and the counter exceeds 36 inches. The J Crew Factory Store has no International Symbol of Accessibility signage at the entrance, and the counter exceeds 36 inches. The Perfume Outlet has no

International Symbol of Accessibility signage at the entrance, and the counter exceeds 36 inches. The Puma Outlet has no International Symbol of Accessibility signage at the entrance, the counter exceeds 36 inches and there are loose mats. The Converse Outlet has no International Symbol of Accessibility signage at the entrance, and there are loose mats. The Sunglass Hut Intl at 4345 Camino de la Plz Ste 439 has no International Symbol of Accessibility signage at the entrance, and the counter exceeds 36 inches. The Calvin Klein has loose mats. And Kenneth Cole Outlet's counter exceeds 36 inches.

12.     Plaintiff intends to return to Defendants' public accommodation facilities in the immediate future. Plaintiff was deterred and is presently deterred from returning due to her knowledge of the barriers to access that exist at Defendants' facilities.

13.     Pursuant to federal and state law, Defendants are required t\o remove barriers to their existing facilities. Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992. Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

14.     Plaintiff believes and herein alleges Defendants' facilities have access violations not directly experienced by Plaintiff which would preclude or limit access by Plaintiff potentially including but not limited to violations of the ADA, ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A) and Title 24 of the California Building Code. Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments. Plaintiff is entitled to injunctive relief to remove all barriers to access that are related to his disability even those barriers that are only known to exist but are not directly experienced by plaintiff. *Doran v 7-Eleven Inc,* 2007 U.S.App.Lexis 26143 (9th Cir 2007).

15.     Based on these facts, Plaintiff alleges she was discriminated against each time he patronized and/or was deterred from patronizing Defendants' facilities. Plaintiff was extremely

8                                                    COMPLAINT

upset due to Defendants' conduct.

16.      Plaintiff is not required to provide notice to the defendants prior to filing a complaint and/or to recover attorney fees and costs.  *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000). *Skaff v Meridien*, 2007 U.S. App. LEXIS 25516 (9th Cir 2007).

## WHAT CLAIMS ARE PLAINTIFF ALLEGING AGAINST EACH NAMED DEFENDANT

17.      Defendants PCCP OF SB LAS AMERICAS OWNER LLC; JOCKEY INTERNATIONAL GLOBAL INC; NEIMAN MARCUS LAST CALL; RITMO LATINO INC; MAIDENFORM INC; LCI HOLDINGS INC DBA LIZ CLAIBORNE OUTLET #324; SUNGLASS HUT TRADING CORP DBA SUNGLASS OUTLET #4779; MOTHERHOOD MATERNITY; STRIDE RITE CHILDRENS GROUP INC DBA STRIDE RITE OUTLET #6050; BROOKS BROTHERS; SANRIO SURPRISES; GUESS INC; J CREW FACTORY STORE; PERFUME OUTLET; PUMA OUTLET STORE; CONVERSE OUTLET STORE; SUNGLASS HUT INTL; PVH CORP DBA CALVIN KLEIN #062; KENNETH COLE CATALOG INC DBA KENNETH COLE OUTLET STORE and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

18.      Plaintiff avers that the Defendants are liable for the following claims as alleged below:

### DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS-  **Claims Under The Americans With Disabilities Act Of 1990**

Claim I

19.      Based on the facts stated above, Defendants discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public   accommodation as Defendants own, lease (or lease to), or operate a   place of public accommodation in violation of 42 U.S.C. §12182.

Claim II

20.      Based on the facts stated above, Defendants discriminated against Plaintiff directly, or

through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity in violation of 42 U.S.C. §12182.

Claim III

21.    Based on the facts stated above, Defendants discriminated against Plaintiff as it is discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S.C. §12182.

Claim IV

22.    Based on the facts stated above, Defendants discriminated against Plaintiff as it is discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals.

Claim V

23.    Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants failed to afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual in violation of 42 U.S.C. §12182.

Claim VI

24.    Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants utilized standards or criteria or methods of administration that have the effect of discriminating on the basis of disability; or that perpetuate the discrimination of others who are subject to common administrative control in violation of 42 U.S.C. §12182.

Claim VII

25.    Based on the facts stated above, Defendants discriminated against Plaintiff as it is

discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association in violation of 42 U.S.C. §12182. See *Niece v. Fitzner* 922 F. Supp. 1208 (1996)

Claim VIII

26.    Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants engaged in the specific prohibitions as stated in 42 U.S.C. §12182.

Claim IX

27.    Based on the facts stated above, Defendants discriminated against Plaintiff as Defendant failed to demonstrate that the removal of a barrier is not readily achievable, and made such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods in a segregated manner in violation of 42 U.S.C. §12182.   Plaintiff is entitled to injunctive relief to remove all barriers to access that are related to her disability even those barriers that are only known to exist but are not directly experienced by plaintiff. *Doran v 7-Eleven Inc,* 2007 U.S.App.Lexis 26143 (9th Cir 2007).

Claim X

28.    Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants altered the use of their establishment in a manner that affected or could have affected the usability of the facility or part thereof and failed to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities in violation of 42 U.S.C. §12183.

29.       WHEREFORE, Plaintiff pray for judgment and relief as hereinafter set forth.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

### CLAIM I: **Denial Of Full And Equal Access**

30.    Based on the facts plead above and elsewhere in this complaint, Plaintiff was denied full

11

COMPLAINT

and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.

## CLAIM II: **Failure To Modify Practices, Policies And Procedures**

31.     Based on the facts plead above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1.  Thus, Plaintiff was subjected to discrimination in violation of Civil Code § 54.1.

## CLAIM III: **Violation Of The Unruh Act**

32.     Based on the facts plead above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to knowingly discriminate against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.  Plaintiff alleges the access violations alleged here are so obvious as to implicate at least a prima facie case of discriminatory intent.

33.     Based on the facts plead above, Claims I, II, and III of Plaintiffs' Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation.  Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community.  Plaintiff alleges there is a state and national public interest in requiring accessibility in places of public accommodation.  Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.  Plaintiff desires to return to Defendants' places of business in the immediate future.  Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

34.    Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

## DEMAND FOR JUDGMENT FOR RELIEF:

A.    For injunctive relief pursuant to 42 U.S.C. § 12188(a).

B.    For general damages pursuant to Cal. Civil Code §§ 52 or 54.3;

C.    For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A);

D.    In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph C above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

E.    For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

F.    For attorneys fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and Cal. Civil Code § 52; 54.3;

G.    A Jury Trial and;

H.    For such other further relief as the court deems proper.

Respectfully submitted:

Dated: June 16, 2008

PINNOCK & WAKEFIELD, A.P.C.

By: _____
THEODORE A. PINNOCK, ESQ.
DAVID C. WAKEFIELD, ESQ.
Attorneys for Plaintiff

13

COMPLAINT

1  John T. Brooks, State Bar No. 167793
   Lisa K. Widdecke, State Bar No. 213250
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   600 West Broadway, Suite 2600
3  San Diego, California 92101-3372
   Telephone No.: 619.236.1414
4  Fax No.: 619.232.8311

5

6  Attorneys for Defendant MOTHERHOOD MATERNITY

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SAN DIEGO, SOUTH COUNTY

10

11  BARBARA HUMPHREY,                    Case No. 37-2008-00071279-CU-CR-SC

12       Plaintiff,                      The Hon. William S. Cannon
                                         Dept. S-04
13  v.
                                         **ANSWER TO CIVIL COMPLAINT**
14  PCCP OF SB LAS AMERICAS OWNER
    LLC; JOCKEY INTERNATIONAL
15  GLOBAL INC; NEIMAN MARCUS LAST
    CALL; RITMO LATINO INC;
16  MAIDENFORM INC; LCI HOLDINGS INC
    DBA LIZ CLAIBORNE OUTLET #324;
17  SUNGLASS HUT TRADING CORP DBA
    SUNGLASS OUTLET #4779;
18  MOTHERHOOD MATERNITY; STRIDE
    RITE CHILDRENS GROUP DBA STRIDE
19  RITE OUTLET #6050; BROOKS
    BROTHERS; SANRIO SURPRISES; GUESS
20  INC; J CREW FACTORY STORE;
    PERFUME OUTLET; PUMA OUTLET
21  STORE; CONVERSE OUTLET STORE;
    SUNGLASS HUT INTL; PVH CORP DBA
22  CALVIN KLEIN #062; KENNETH COLE
    CATALOG INC DBA KENNETH COLE
23  OUTLET STORE; And DOES 1 THROUGH
    10, Inclusive,
24
         Defendants.
25

26       Defendant MOTHERHOOD MATERNITY ("answering defendant") hereby answers plaintiff

27  BARBARA HUMPHREY's ("plaintiff") Complaint as follows:

28  ///

                                    1
                        ANSWER TO CIVIL COMPLAINT

## I.

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, answering defendant denies generally and specifically each, every, and all of the allegations of the Complaint alleged against answering defendant, and the whole thereof. Answering defendant further denies that plaintiff has sustained, or will sustain, any injury, damage, or loss by reason of any act, omission, breach, or negligence, or any other conduct or the absence thereof, on the part of answering defendant, or any agent, attorney, servant, or employee of answering defendant.

## II.

## WITHOUT WAIVING ANY OF THE FOREGOING, ANSWERING DEFENDANT, FOR ITS AFFIRMATIVE DEFENSES TO THE COMPLAINT, ALLEGE AS FOLLOWS:

The following separate affirmative defenses are asserted to the Complaint, and to each purported cause of action therein brought against answering defendants. By pleading these affirmative defenses, the answering defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to plaintiff. Moreover, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

The Complaint, and each and every purported claim for relief therein, fails to state facts sufficient to constitute a claim for relief against answering defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Defendant's Full Performance)

Answering defendant is informed and believes, and thereon alleges, that it has performed and fully discharged any and all obligations and legal duties to plaintiff pertinent to the matters alleged in the Complaint.

/ / /

/ / /

1

### THIRD AFFIRMATIVE DEFENSE

2

### (Waiver, Estoppel, Excuse and Mistake)

3     Answering defendant is informed and believes, and thereon alleges, that some or all of

4 plaintiff's claims are barred under the principles of waiver, estoppel, excuse and/or mistake.

5

### FOURTH AFFIRMATIVE DEFENSE

6

### (Laches and Unreasonable Delay)

7     The Complaint, and each and every purported claim for relief therein, is barred under the

8 principles of laches and unreasonable delay.

9

### FIFTH AFFIRMATIVE DEFENSE

10

### (Unclean Hands)

11     The Complaint, and each and every purported claim for relief therein, is barred as a result

12 of plaintiff's unclean hands.

13

### SIXTH AFFIRMATIVE DEFENSE

14

### (Failure to Mitigate)

15     Plaintiff, though under a duty to do so, has failed and neglected to mitigate her alleged

16 damages, and therefore, cannot recover against answering defendant, whether as alleged or otherwise.

17

### SEVENTH AFFIRMATIVE DEFENSE

18

### (Statutes of Limitations)

19     The Complaint, and each and every purported claim for relief therein, is barred by the

20 applicable statutes of limitations, including but not limited to, those set forth in California Code of

21 Civil Procedure sections 335.1, 337.1, 337.15, 338, 340 and 343.

22

### EIGHTH AFFIRMATIVE DEFENSE

23

### (Privilege/Justification)

24     Some or all of the claims for damages in the Complaint are barred in that all decisions and

25 actions of answering defendant with respect to the subject matter of this lawsuit were undertaken in

26 good faith, in the absence of malicious intent, and constituted a lawful, proper, and justified means to

27 further legitimate economic interests.

28 / / /

1     ## NINTH AFFIRMATIVE DEFENSE

2     ### (Readily Achievable)

3         Some or all of the claims in the Complaint are barred in that the relief plaintiff requests is not

4     readily achievable.

5     ## TENTH AFFIRMATIVE DEFENSE

6     ### (Structurally Impracticable)

7         Some or all of the claims in the Complaint are barred in that the relief plaintiff requests would

8     be structurally impracticable.

9     ## ELEVENTH AFFIRMATIVE DEFENSE

10    ### (Undue Burden)

11        Some or all of plaintiff's claims are barred because the relief plaintiff requests is unreasonable,

12    would impose an undue burden and/or fundamentally alter the Subject Property and/or the nature of

13    the goods or services provided.

14    ## TWELFTH AFFIRMATIVE DEFENSE

15    ### (Unconstitutional)

16        Some or all of plaintiff's claims are barred because they are predicated on unconstitutionally

17    vague and/or overly broad interpretations of regulations or laws or, alternatively, the applicable

18    regulations or laws themselves are unconstitutionally vague and/or overbroad.

19    ## THIRTEENTH AFFIRMATIVE DEFENSE

20    ### (Due Process)

21        Some or all of plaintiff's claims are barred by public policy and due process considerations

22    because the Subject Property and the building constructed thereon was constructed relying in good

23    faith upon the law, and applicable state regulations, pronouncements from federal and state agencies,

24    and/or state and local approvals.   Granting some or all of the relief plaintiff requests would be

25    inequitable and would violate public policy and due process under state and/or federal constitutions.

26    ///

27    ///

28    ///

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

Some or all of the claims in the Complaint are moot in that answering defendant is and/or has been in compliance with the laws, statutes, and regulations governing treatment of individuals with a substantial physical and/or mental limitation.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff lacks standing to assert some or all of the claims alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Safety)

Some or all of the modifications proposed by plaintiff may jeopardize the health and/or safety of customers.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Justification)

Some or all of answering defendant's actions in this matter were taken in reliance upon the standards and guidelines of the ADA and/or state law and regulations and were reasonably prudent under the circumstances.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

No act or omission of answering defendant was the proximate cause of plaintiff's damages, if any. In the alternative, plaintiff's alleged damages, if any, were proximately caused by the conduct of plaintiff and/or persons or entities other than answering defendants. Plaintiff's damages, if any, must be reduced in proportion to the amount attributable to the conduct of plaintiff and/or persons or entities other than answering defendant up to and including 100 percent. Answering defendant further alleges that if plaintiff recovers, then pursuant to Civil Code sections 1431.2, et seq., it is not liable for any non-economic damages that are not directly proportional to answering defendant's percentage of fault.

///

## NINETEENTH AFFIRMATIVE DEFENSE

### (Not Entitled to Attorneys' Fees or Punitive Damages)

The Complaint, and each cause of action contained therein, fails to allege facts sufficient to entitle plaintiff to recover attorneys' fees and/or punitive damages against answering defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Vagueness, Uncertainty, Ambiguity)

The Complaint, and each and every purported claim for relief therein, is vague, uncertain and ambiguous.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Prospective Relief Only)

If any relief is granted to plaintiff, it should be granted prospectively only.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Consent)

Any recovery on plaintiff's Complaint, or any purported cause of action contained therein, is barred because plaintiff consented to the alleged conduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Absence of Control)

Answering defendant is an improper party as to some or all causes of action stated in this matter in that they do not have sufficient control concerning the actions of other parties in this matter.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Modification to Building)

Plaintiff's claims are barred in whole or in part because the claims as alleged do not require construction, alteration or repair to new or existing establishments.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Existing Facility)

Plaintiff's claims are barred in whole or in part because the Subject Property was an existing facility not subject to the applicable standards for newly constructed or altered facilities.

///

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Assumption of Risk)

3    Plaintiff's claims are barred in whole or in part because Plaintiff assumed the risk that she

4    could be damaged when she entered onto the Subject Property.

5

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

6

### (No Knowledge of Alleged Violations)

7    Plaintiff's claims are barred in whole or in part to the extent that her claims are based on an

8    alleged act or omission by answering defendant that was made in good faith without knowledge of any

9    violation of law.

10

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

11

### (Adequate Remedy at Law)

12    To the extent that members of the general public that plaintiff purports to represent have

13    sustained any injury or damage, which is not conceded, any such injury or damage could be

14    adequately compensated in an action at law.  Accordingly, plaintiff is not entitled to seek or obtain

15    equitable relief.

16

## TWENTY-NINTH AFFIRMATIVE DEFENSE

17

### (Additional Affirmative Defenses)

18    Answering defendant currently has insufficient information upon which to form a belief as to

19    whether they may have additional, as yet unstated, affirmative defenses available.   Answering

20    defendant reserves the right to assert additional affirmative defenses in the event discovery indicates

21    they would be appropriate.

22    WHEREFORE, answering defendant prays for judgment as follows:

23    1.    That all relief requested in the Complaint be denied;

24    2.    That plaintiff take nothing by virtue of this action;

25    / / /

26    / / /

27    / / /

28    / / /

7

ANSWER TO CIVIL COMPLAINT

**PROOF OF SERVICE**

FILED
SOUTH COUNTY

*Barbara Humphrey v. PCCP of SB Las Americas Owner LLC, et al.*
Case No. 37-2008-00071279-CU-CR-SC

2008 AUG 22 A 11: 34

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

I, SYLVIA TERRY, declare as follows:

I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372. I am over the age of eighteen years, and am not a party to this action.

On August 22, 2008, I served the following:

**ANSWER TO CIVIL COMPLAINT**

on the interested parties in this action by:

XX      **U. S. MAIL:** I placed the copies in a separate envelope, with postage fully prepaid, for each address named on the attached service list for collection and mailing on the below indicated day following the ordinary business practices at Luce, Forward, Hamilton & Scripps LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

_____  **HAND DELIVERY:** I placed the originals in a separate envelope addressed to each addressee as indicated below, and delivered it to Cal Express for personal service.

Attorneys for Plaintiffs:
Pinnock & Wakefield                     Phone:  619.858.3671
Theodore A. Pinnock, Esq.               Fax:    619.858.3646
David C. Wakefield, Esq.
3033 Fifth Avenue, Suite 410
San Diego, CA 92103

X       **(STATE):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____  **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at San Diego, California on August 22, 2008.

_____
SYLVIA TERRY

101113925.1

2

PROOF OF SERVICE

**EXHIBIT C**

1 | John T. Brooks, State Bar No. 167793
Lisa K. Widdecke, State Bar No. 213250
2 | LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
3 | San Diego, California 92101-3372
Telephone No.: 619.236.1414
4 | Fax No.: 619.232.8311

5

6 | Attorneys for Defendant MOTHERHOOD MATERNITY

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF SAN DIEGO, SOUTH COUNTY

10

| | |
|---|---|
| 11 | BARBARA HUMPHREY, | Case No. 37-2008-00071279-CU-CR-SC |
| 12 | Plaintiff, | The Hon. William S. Cannon Dept. S-04 |
| 13 | v. | |
| 14 | PCCP OF SB LAS AMERICAS OWNER LLC; JOCKEY INTERNATIONAL | **DEFENDANT MOTHERHOOD MATERNITY'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |
| 15 | GLOBAL INC; NEIMAN MARCUS LAST CALL; RITMO LATINO INC; | |
| 16 | MAIDENFORM INC; LCI HOLDINGS INC DBA LIZ CLAIBORNE OUTLET #324; | Complaint Filed:    June 23, 2008 Trial Date:    None Set. |
| 17 | SUNGLASS HUT TRADING CORP DBA SUNGLASS HUT OUTLET #4779; | |
| 18 | MOTHERHOOD MATERNITY; STRIDE RITE CHILDRENS GROUP DBA STRIDE | |
| 19 | RITE OUTLET #6050; BROOKS BROTHERS; SANRIO SURPRISES; GUESS | |
| 20 | INC; J CREW FACTORY STORE; PERFUME OUTLET; PUMA OUTLET | |
| 21 | STORE; CONVERSE OUTLET STORE; SUNGLASS HUT INTL; PVH CORP DBA | |
| 22 | CALVIN KLEIN #062; KENNETH COLE CATALOG INC DBA KENNETH COLE | |
| 23 | OUTLET STORE; And DOES 1 THROUGH 10, Inclusive, | |
| 24 | Defendants. | |
| 25 | | |

26 | / / /

27 | / / /

28 | / / /

1

DEFENDANT MOTHERHOOD MATERNITY'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that on August 22, 2008, defendant Motherhood Maternity

3    (hereafter "defendant") filed in the United States District Court for the Southern District of California,

4    their Notice of Removal of Action, and that the attached copy of said Notice of Removal of Action is

5    on file with the above-captioned court.

6    PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. Section 1446, the filing of

7    said Notice of Removal of Action in the United States District Court for the Southern District of

8    California, together with the filing of the attached copy of said Notice of Removal of Action with this

9    Court, effects the removal of this action, and the above-captioned court may proceed no further unless

10    and until the case is remanded.

11    DATED: August 22, 2008                    Respectfully submitted,

12                                        LUCE, FORWARD, HAMILTON & SCRIPPS LLP

13

14                                        By: _____
15                                             John T. Brooks
                                             Lisa K. Widdecke
16                                             Attorneys for Defendant Motherhood Maternity

17    101113788.1

18

19

20

21

22

23

24

25

26

27

28

1   John T. Brooks, State Bar No. 167793
    Lisa K. Widdecke, State Bar No. 213250
2   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
    600 West Broadway, Suite 2600
3   San Diego, California 92101-3372
    Telephone No.: 619.236.1414
4   Fax No.: 619.232.8311

5

6   Attorneys for Defendant Motherhood Maternity

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF SAN DIEGO

10

| | |
|---|---|
| 11   BARBARA HUMPHREY, | Case No. 37-2008-00071279-CU-CR-SC |
| 12        Plaintiff, | The Hon. William S. Cannon |
| 13   v. | Dept. S-04 |
| 14   PCCP OF SB LAS AMERICAS OWNER | **DEFENDANT MOTHERHOOD** |
|     LLC; JOCKEY INTERNATIONAL | **MATERNITY'S NOTICE TO PLAINTIFF** |
| 15   GLOBAL INC; NEIMAN MARCUS LAST | **OF REMOVAL OF ACTION TO** |
|     CALL; RITMO LATINO INC; | **FEDERAL COURT** |
| 16   MAIDENFORM INC; LCI HOLDINGS INC | |
|     DBA LIZ CLAIBORNE OUTLET #324; | Complaint Filed:    June 23, 2008 |
| 17   SUNGLASS HUT TRADING CORP DBA | Trial Date:        None Set. |
|     SUNGLASS OUTLET #4779; | |
| 18   MOTHERHOOD MATERNITY; STRIDE | |
|     RITE CHILDRENS GROUP DBA STRIDE | |
| 19   RITE OUTLET #6050; BROOKS | |
|     BROTHERS; SANRIO SURPRISES; GUESS | |
| 20   INC; J CREW FACTORY STORE; | |
|     PERFUME OUTLET; PUMA OUTLET | |
| 21   STORE; CONVERSE OUTLET STORE; | |
|     SUNGLASS HUT INTL; PVH CORP DBA | |
| 22   CALVIN KLEIN #062; KENNETH COLE | |
|     CATALOG INC DBA KENNETH COLE | |
| 23   OUTLET STORE; And DOES 1 THROUGH | |
|     10, Inclusive, | |
| 24 | |
|        Defendants. | |
| 25 | |

26   / / /

27   / / /

28   / / /

1      TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

3 States District Court for the Southern District of California on August 21, 2008.

4      A copy of said Notice of Removal is attached to this Notice and is served and filed herewith.

5 DATED: August 2, 2008      Respectfully submitted,

6          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

7

8      By: _____

9          John T. Brooks
         Lisa K. Widdecke
         Attorneys for Defendant Motherhood Maternity

10

11 101113783.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MOTHERHOOD MATERNITY'S NOTICE TO PLAINTIFF
OF REMOVAL OF ACTION TO FEDERAL COURT

rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Barbara Humphrey | Motherhood Maternity |

**FILED**

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

2008 AUG 22 PM 2: 12
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Theodore A. Pinnock, Esq., State Bar No. 153434
David C. Wakefield, Esq., State Bar No. 185736
Pinnock & Wakefield
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
(619) 858-3671

Attorneys (If Known)
John T. Brooks, Esq., State Bar No. 167793
Lisa K. Widdecke, State Bar No. 213250
Luce, Forward, Hamilton & Scripps LLP
600 West Broadway, Suite 2600
San Diego, CA 92101
(619) 236-1414

**'08 CV 1558 BEN BLM**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1331 & 1441
Brief description of cause:
Discriminatory Practices in Public Accommodations

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:  JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  August 22, 2008   SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 154376   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

**ORIGINAL**

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 154376    — TC**

**August 22, 2008
14:19:19**

**Civ Fil Non-Pris**
USAO #.: 08CV1558
Judge..: ROGER T BENITEZ
Amount.:                    $350.00 CK
Check#.: BC40736

**Total—>   $350.00**

FROM: BARBARA HUMPHREY
        VS
      MOTHERHOOD MATERNITY